**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4057**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSHUA LOWERY,

Defendant - Appellant.

**No. 25-4058**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSHUA LOWERY,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Wilmington. Richard E. Myers, II, Chief District Judge. (7:22-cr-00119-M-KS-1; 7:23-cr-00040-M-BM-1)

Submitted: October 16, 2025                    Decided: October 21, 2025

Before KING, AGEE, and RICHARDSON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Jaclyn L. Tarlton, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Daniel P. Bubar, Acting United States Attorney, David A. Bragdon, Assistant United States Attorney, Evelyn S. Yarborough, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated cases, Joshua Lowery appeals his convictions and the 137-month aggregate sentence imposed for burglary of a post office, in violation of 18 U.S.C. § 2115 (Case No. 7:22-cr-00119-M-KS-1); conspiracy to distribute and possess with the intent to distribute a quantity of fentanyl and a quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846; possession with the intent to distribute a quantity of fentanyl and a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Case No. 7:23-cr-00040-M-BM-1). Lowery asserts that the district court procedurally erred when it failed to address his learning disabilities at sentencing, which Lowery claims affected the court's entire sentencing analysis.

The Government counters that Lowery's challenge is (1) barred, in part, by the appeal waiver contained in the plea agreement into which he entered in Case No. 7:23-cr-00040-M-BM-1; (2) waived because Lowery failed to inform the court of its failure at sentencing; and (3) meritless under plain and harmless error review. Assuming, arguendo, that Lowery did not waive, in part, his ability to challenge his sentence on appeal, we conclude that the district court did not err—under any standard of review—when it announced Lowery's sentence.

"This Court reviews all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Nixon*, 130 F.4th 420, 428 (4th Cir. 2025) (internal quotation marks omitted). "In applying the abuse-of-discretion standard, we review the district court's factual

3

conclusions for clear error . . . and its legal conclusions de novo." *In re Grand Jury 2021 Subpoenas*, 87 F.4th 229, 250 (4th Cir. 2023).

"Reasonableness review has procedural and substantive components." *United States v. Elboghdady*, 117 F.4th 224, 233 (4th Cir. 2024) (internal quotation marks omitted). "[W]e are required to analyze procedural reasonableness before turning to substantive reasonableness." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). Thus, when evaluating the reasonableness of an imposed sentence, we must first "determin[e] whether the district court committed any procedural error, such as improperly calculating the [Sentencing] Guidelines range, failing to consider the [18 U.S.C.] § 3553(a) factors, or failing to adequately explain the chosen sentence." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020).

"[T]o meet the procedural reasonableness standard, a district court must conduct an individualized assessment of the facts and arguments presented and impose an appropriate sentence, and it must explain the sentence chosen." *Id.* (internal quotation marks omitted). "Specifically, a district court's explanation should provide some indication that the court considered the § 3553(a) factors and applied them to the particular defendant, and also that it considered a defendant's nonfrivolous arguments for a lower sentence." *Id.* at 212-13 (citation modified).

"[I]t is . . . well established that our review of a district court's sentencing explanation is not limited to the court's statements at the moment it imposes sentence. We do not evaluate a court's sentencing statements in a vacuum." *Id.* at 213 (citation modified). "Instead, we look at the full context, including the give-and-take of a sentencing

4

hearing." *Id.* "Where a sentencing court hears a defendant's arguments and engages with them at a hearing, we may infer from that discussion that specific attention has been given to those arguments." *Id.* Indeed, so long as a district court "fully address[es]" a defendant's "central thesis" in support of a lesser sentence, the court need not "address separately each supporting data point marshalled on its behalf." *Id.* at 214.

"If we determine that the district court has not committed procedural error, only then do we proceed to assess the substantive reasonableness of the sentence." *Id.* at 212. "A review for substantive reasonableness takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted). We presume that a within-Guidelines sentence is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

With these standards in mind, we conclude, even under an abuse-of-discretion standard of review, that the district court sufficiently explained Lowery's sentence. Specifically, the record establishes that the "central thesis" of Lowery's argument for a lesser sentence was that traumatic childhood experiences caused his drug addiction, which caused him to lead a life of crime. And while counsel mentioned Lowery's learning disabilities in her sentencing memorandum, and both she and Lowery briefly mentioned the learning disabilities at sentencing, that Lowery suffered from learning disabilities was but one "data point" in support of his "central thesis" for a lesser sentence.

Moreover, before it imposed the sentence, the district court (1) recounted counsel's mitigation arguments; (2) asked defense counsel whether there were any arguments that

5

the court had not addressed, to which counsel responded only that the court had not repeated an argument regarding the parsimony principle; and (3) provided an extensive explanation for the imposed sentence, expressly tying Lowery's personal circumstances to the § 3553(a) factors. Because the district court "fully addressed [Lowery's] central thesis"—that traumatic childhood experiences and drug addiction warranted a lesser sentence—we conclude that the court "was not also required to address separately each supporting data point marshalled on its behalf," *Nance*, 957 F.3d at 214. Furthermore, Lowery fails to rebut the presumption of substantive reasonableness afforded his within-Guidelines sentence.

Based on the foregoing, we affirm the amended criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*